Contrary to the defendant’s contention, he was not deprived of his right to the effective assistance of counsel, since the record as a whole demonstrates that he received meaningful representation (see People v Benevento, 91 NY2d 708, 712-713 [1998]; People v Baldi, 54 NY2d 137, 147 [1981]; cf. People v Cyrus, 48 AD3d 150, 159-161 [2007]).
However, the remarks of the sentencing court demonstrated that it improperly considered a crime that was dismissed at trial for lack of legally sufficient evidence as a basis for sentencing (see People v Grant, 94 AD3d 1139, 1141-1142 [2012]; People v Harvey, 76 AD3d 605, 606 [2010]; People v Pacquette, 73 AD3d 1088 [2010], affd 17 NY3d 87 [2011]; People v Romero, 71 AD3d 795, 796 [2010]; People v Schrader, 23 AD3d 585, 585-586 [2005]). Accordingly, the sentence must be vacated and the matter must be remitted to the Supreme Court, Kings County, for resentencing. Dillon, J.P., Belen, Austin and Sgroi, JJ., concur.